NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 1 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DELIA DOLORES AGUIRRE OCHOA, | No.    15-71520 |
| Petitioner, | Agency No. A095-875-226 |
| v. | |
| JEFFERSON B. SESSIONS III, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 12, 2018
San Francisco, California

Before:  McKEOWN and BEA, Circuit Judges, and BENITEZ,** District Judge.

Petitioner Delia Dolores Aguirre Ochoa ("Ochoa"), a native and citizen of

Mexico, seeks review of an order of the Board of Immigration Appeals ("BIA")

dismissing her claims for asylum, withholding of removal, and protection under the

Convention Against Torture ("CAT").  The BIA agreed with the immigration

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Roger T. Benitez, United States District Judge for the Southern District of California, sitting by designation.

judge ("IJ") that Ochoa failed to establish a well-founded fear of persecution because: (1) she failed to prove that the Mexican government is unwilling and unable to protect her; and (2) in any event, she was able to relocate safely and reasonably inside Mexico. We have jurisdiction under 8 U.S.C. §1252(a)(1), and we deny the petition.

We uphold an IJ's ruling unless "any reasonable adjudicator would be compelled to conclude to the contrary based on evidence in the record." *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1059 (9th Cir. 2017) (internal quotations marks omitted). Here, the IJ supported each of his determinations with substantial evidence.

First, the evidence in the record does not compel the conclusion that the Mexican government is unwilling and unable to protect Ochoa from the drug cartels. As the IJ pointed out, the Mexican government has instituted a series of measures to combat corruption and organized crime. These measures alone demonstrate the willingness of the Mexican government to protect its citizens from harms caused by the cartels. Thus, substantial evidence supported the IJ's first determination.

Second, the evidence in the record does not compel the conclusion that Ochoa cannot safely and reasonably relocate within Mexico. She has not suffered any past persecution: She was not harmed or threatened when she lived in Mexico

15-71520

in 2012.  Nor have any of her family members been harmed while living in Mexico.  Thus, substantial evidence also supported the IJ's second determination.

For these reasons, the IJ concluded that Ochoa did not demonstrate an objectively reasonable fear of future persecution or torture.  We agree.

PETITION DENIED.